**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) | Case No. 2:07-mj-00367-PAL-PAL |
| vs. | ) | **ORDER** |
| LEOBARDO SOLORIO-ARREOLA, | ) | (Mtn for Default Judgment - #8) |
| Defendant. | ) | |

     This matter is before the court on the government's Motion for Default Judgment of Defendant's Bond (#8) filed February 1, 2008. The court has considered the Motion (#8). No response was filed and the time for filing one has run.

     On June 11, 2007, defendant Leobardo Solorio-Arreola was charged in a Complaint (#1) for conduct which occurred on August 13, 2006 in Lake Mead National Recreation Area. The Complaint charges Solorio-Arreola with Operating a Motor Vehicle Under the Influence of Alcohol (Count One) and Operating a Motor Vehicle With a BAC of 0.08 or Higher (Count Two). Solorio-Arreola was released from custody on June 11, 2007 upon the posting of a cash bond in the amount of $300.00 (#4). Aida Rodriguez was named the surety for the bond. The court's Order for Appearance and Appearance Bond (#4) advised that the bond would be forfeited if defendant failed to comply with any of the attached Conditions of Release and that failure to appear after release on the bond is a crime punishable by imprisonment, fine, or both. Ms. Rodriguez signed a "Notice to Surety" acknowledging the risk of forfeiture of the bond in the event that Solorio-Arreola fails to comply with the Conditions of Release. The Conditions of Release (#4) attached to the bond require Solorio-Arreola to appear before the

///

undersigned when and as ordered at 333 Las Vegas Boulevard South in Las Vegas, Nevada at the Federal Office Building and Courthouse.

On June 11, 2007 the undersigned issued a summons (#2) for Solorio-Arreola to appear for an initial appearance on August 7, 2007 at 8:45 a.m. in courtroom #3B. The summons (#2) was sent to Solorio-Arreola's last known address in North Las Vegas, Nevada. However, the summons was returned unexecuted (#5) and the mail returned with the notation that no other address is known on the defendant. The government has no other address on file for the defendant. Solorio-Arreola subsequently failed to appear as required on August 7, 2007 at 8:45 a.m. before the undersigned. The undersigned ordered (#6) that a warrant be issued for defendant's arrest and that the cash bond posted in this case be forfeited. In its current Motion (#8), the government requests that the court enter default judgment of defendant's cash bond due to defendant's failure to appear, which constitutes a breach of a condition of the bond.

Rule 46(f) of the Federal Rules of Criminal Procedure provides the following with respect to forfeiture of a defendant's bail:

> (1) **Declaration**. The court must declare the bail forfeited if a condition of the bond is breached.
>
> (2) **Setting Aside**. The court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if:
>
>> (A) the surety later surrenders into custody the person released on the surety's appearance bond; or
>>
>> (B) it appears that justice does not require bail forfeiture.
>
> (3) **Enforcement**.
>
>> (A) **Default Judgment and Execution**. If it does not set aside a bail forfeiture, the court must, upon the government's motion, enter a default judgment.
>>
>> (B) **Jurisdiction and Service**. By entering into a bond, each surety submits to the district court's jurisdiction and irrevocably appoints the district clerk as its agent to receive service of any filings affecting its liability.
>>
>> (C) **Motion to Enforce**. The court may, upon the government's motion, enforce the surety's liability without an independent action. The government must serve any motion, and notice as the court prescribes, on the district

> clerk. If so served, the clerk must promptly mail a copy to the surety at its last known address.
>
> (4) **Remission**. After entering a judgment under Rule 46(f)(3), the court may remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2).

Here, the court has already declared defendant's bond forfeited (see #6) pursuant to Rule 46(f)(1), which is the "first of several steps leading to actual forfeiture." United States v. Vaccaro, 931 F.2d 605, 606 (9th Cir. 1991).

> After declaring a forfeiture, the district court may remit bail under Rule 46(e)(2). If the court refuses to remit bail, under Rule 46(e)(3) it may then "enter a judgment of default . . . ." Finally, under Rule 46(e)(4), even "[a]fter entry of such judgment, the court may remit it in whole or in part . . . ."

Id. The government now seeks a default judgment in accordance with Rule 46(f)(3)(A). The court finds that none of the conditions described in Rule 46(f)(2) permitting forfeiture to be set aside exist in this case. Forfeiture of defendant's bond will therefore not be set aside. Since the court chooses not to set aside bail forfeiture and the government has filed a motion for default, "the court must . . . enter a default judgment." Moreover, both the defendant and surety for the bond were served with notice and a copy of the government's motion, yet neither Solorio-Arreola nor Ms. Rodriguez responded and the time for filing a response has run. Under the Local Rules of Criminal Practice, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.C.R. 47-9.

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that the government's Motion for Default Judgment (#8) is GRANTED. The Clerk of the Court shall enter a default judgment for forfeiture of the bond.

Dated this 19th day of February, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE